**U.S. Department of Justice**

*Eastern District of Louisiana*
*U. S. Attorney's Office*

U. S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
FILED  OCT 29 2008
LORETTA G. WHYTE
CLERK

Dorothy Manning Taylor
Assistant United States Attorney

*Hale Boggs Federal Building*
*500 Poydras, 210B Second Floor*
*New Orleans, LA   70130*

Telephone # (504) 680-3000
Fax # (504) 589-4510

February 13, 2008

Harry Rosenberg, Esq.
Phelps Dunbar
365 Canal Place, Suite 2000
New Orleans, Louisiana 70130-6534

08 cr 215
N

    Re:    United States v. Texas Petroleum Investment Company

Dear Mr. Rosenberg:

    In compliance with the holding of <u>Bryan v. United States</u>, 492 F.2d 775 (1974) and with Rule 11 (c)(1)(C) of the Federal Rules of Criminal Procedure, the Government wishes to acknowledge the following agreement which was reached between the Government and Texas Petroleum Investment Company (The Company), the defendant in the above-captioned proceeding. As defendant's counsel, you have reviewed the terms of this agreement and have been advised by The Company that The Company fully understands the terms of this agreement. The Company by resolution attached hereto has authorized the signing of this plea agreement. Additionally, The Company has agreed to sign the waiver of indictment attached hereto.

    The Government intends to file a one count misdemeanor Bill of Information for a negligent Clean Water Act violation for discharging brine into the Delta National Wildlife Refuge at the Romere Pass Facility in March 2005, in violation of Title 33, United States Code, Section 1319(c)(1)(A). The Company understands that the maximum penalty it faces for misdemeanor violation of the Clean Water Act, Title 33, United States Code, §1319(c)(1)(A), is a fine not less than $2,500 nor more than $25,000 per day. It is also understood that the restitution provisions of Sections 3663 and 3663A of Title 18, United States Code will apply. Further, The Company understands that a mandatory special assessment fee of $125.00 shall be imposed under the provisions of Section 3013 of Title 18, United States Code. This special assessment must be paid on the date of sentencing. Failure to pay this special assessment may result in the plea agreement being void.

    Pursuant to Rule 11(c)(1)(C), Federal Rules of Criminal Procedure, and the agreement made between the Government and The Company, the Government and The Company agree and stipulate to the following plea and sentence applicable to this case:

    (1)    The Company shall plead guilty to the one count Bill of Information charging The Company with a misdemeanor violation of the Clean Water Act, 33 USC §1319(c)(1)(A), arising from The Company's discharge of brine into the Delta

___ Fee____
___ Process.____
_X_ Dktd____
___ CtRmDep____
___ Doc. No.____

Harry Rosenberg
Page -2-
February 13, 2008

National Wildlife Refuge at the Romere Pass Facility in March 2005, as more thoroughly described in a mutually acceptable Factual Basis submitted herewith;

(2) In exchange for The Company's guilty plea, the Government agrees that it will not bring any other charges against the Company arising from or related to any and all conduct known to the Government, in the Western District of Louisiana and Eastern District of Louisiana, at the time of the relevant plea agreement;

(3) The Company shall be placed on probation for a term of two (2) years, however, nothing shall prohibit the Company for moving for earlier termination of probation upon satisfactory completion of all terms and conditions of this plea agreement;

(4) The government acknowledges the amount of money The Company will have expended by the time of sentencing on clean up efforts at Romere Pass in the Delta Wildlife Refuge, including but not limited to the removal of the salt water disposal barge, and the payment of $62,000 to re-mediate and restore areas in the Atchafalaya National Wildlife Refuge. Therefore, based upon the above expenditures, the government agrees to accept $50,000 as an appropriate punitive fine amount;

(5) The fine shall be paid within thirty days of sentencing;

(6) The Company shall also pay a mandatory special assessment fee of $125.00 under the provisions of 18 USC 3013. This special assessment must be paid on the date of sentencing. Failure to pay this special assessment may result in the plea agreement being void;

(7) Except for the expenditures set forth in paragraph (4), individual restitution is not applicable in this case. However, The Company is aware of the recent federal and state initiative outlined in the "Memorandum of Understanding between State and Federal Agencies Regarding Oil and Brine Pollution" ("MOU") and, in support of that initiative, agrees to the following supplemental environmental projects. The Company agrees to:

(a) contribute $50,000, to the U.S. Fish and Wildlife Service, Southeast Louisiana Refuges Complex, for the benefit of the Atchafalaya National Wildlife Refuge. Specifically funds are to be used to provide for the management and oversight of the oil and gas program including funds for law enforcement operations addressing oil and gas related issues, for the protection, management, and restoration of wildlife, fisheries and habitat, for the monitoring of oil and gas facilities and operations, and for the administrative oversight of such programs;

Harry Rosenberg
Page -3-
February 13, 2008

      (b) contribute $375,000, to the U.S. Fish and Wildlife Service, Southeast Louisiana Refuges Complex, for the benefit of the Delta National Wildlife Refuge. Specifically funds are to be used to provide for the management and oversight of the oil and gas program including funds for law enforcement operations addressing oil and gas related issues, for the protection, management, and restoration of wildlife, fisheries and habitat, for the monitoring of oil and gas facilities and operations, and for the administrative oversight of such programs;

      (c) contribute $25,000 to the Louisiana State Police Right to Know Fund, which money pays for, among other things, State Police first responders' equipment and the Louisiana State Police hot line; and $25,000 to the Southern Environmental Enforcement Network Enforcement Training Fund, which money pays for environmental training to all law enforcement;

(8)     The Company shall remain in compliance with all permit requirements, rules and regulations of the Louisiana Department of Environmental Quality; and

(9)     The Company agrees to report oil and brine spills, of any size, within or outside its containment area, to the U.S. Fish and Wildlife Service, in addition to any regular spill reporting requirements.

      The parties have entered into this plea agreement under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure with the understanding that the Court will accept or reject the agreement but may not modify its terms. If the District Court modifies any portion of the plea agreement, The Company has the right to withdraw the guilty plea.

      Except as otherwise provided in this paragraph, The Company hereby expressly waives the right to appeal this sentence on any ground, including but not limited to any appeal right conferred by Title 18, United States Code, Section 3742 on The Company, and The Company further agrees not to contest this sentence in any post-conviction proceeding, including but not limited to a proceeding under Title 28, United States Code, Section 2255. The Company, however, reserves the right to appeal any sentence imposed that does not comply with the above stipulated sentence.

      The Company further waives any right to seek attorney's fees and/or other litigation expenses under the "Hyde Amendment", Title 18, United States Code, Section 3006A and The Company acknowledges that the Government's position in the instant prosecution was not vexatious, frivolous or in bad faith.

      Further, The Company understands that any discussions with defendant's attorney or anyone else regarding sentencing guidelines are merely rough estimates and the Court is not bound by

Harry Rosenberg
Page -4-
February 13, 2008

those discussions. The defendant understands that the sentencing guidelines are advisory and are not mandatory for sentencing purposes.

The $50,000 fine, the $62,000 for remediation and restoration in paragraph (4), the $425,000 in support of the MOU, the $25,000 to State Police, and $25,000 to SEEN, represent the total amount to be paid by The Company pursuant to the guilty plea and no other fine/restitution shall be applicable in this case. The Company agrees that the fine, supplemental environmental projects and contributions will be non-dischargeable in any bankruptcy proceeding and that defendant will not seek or cause to be sought a discharge or a finding of dischargeability as to this obligation. The Company's payments for the $62,000 for remediation and restoration in paragraph (4) and the $50,000 contribution for the benefit of the Atchafalaya National Wildlife Refuge should be made payable to the U.S. Fish and Wildlife Service, account#43550-7208-C780. The Company's payment of $375,000 for the benefit of the Delta National Wildlife Refuge should be made payable to the U.S. Fish and Wildlife Service, account#43550-4555-4201.

The Company understands that the statements set forth above and the factual basis to be filed in the record represent defendant's entire agreement with the Government in the Eastern District of Louisiana, and that there are no other agreements, letters or notations that will affect this agreement.

Sincerely,

JIM LETTEN
UNITED STATES ATTORNEY

Dorothy Manning Taylor
Assistant United States Attorney

TEXAS PETROLEUM INVESTMENT COMPANY

By: _____          10/29/08
     President                         Date

_____              10/29/08
HARRY ROSENBERG                        Date
Attorney for defendant